IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* | § | |
| HARROLD E. (GENE) WRIGHT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **NO. 5:03-cv-264(DF)** |
| v. | § | |
| | § | |
| AGIP PETROLEUM CO., et al., | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Before the Court is Defendant Shell's Motion for Partial Summary Judgment on Offshore

Production After 1999 Based on its MMS Agreement (Doc. No. 846).  Also before the Court is

Relator's Cross-Motion for Continuance to Conduct Rule 56(f) Discovery (Doc. No. 871), and

Relator's Motion to Strike Defendants' Sur-Reply to Relator's Cross-Motion (Doc. No. 901).  In

light of these motions, responses, and all other relevant law and pleadings, the Court **ORDERS**

that Shell's Motion for Partial Summary Judgment is **DENIED WITHOUT PREJUDICE**;

Relator's Cross-Motion for Continuance is **GRANTED**; and Relator's Motion to Strike

Defendants' Response is **DISMISSED AS MOOT**.

## I. BACKGROUND

The present case involves a lengthy and complex procedural background.[1]  Many of the

present parties have been involved in litigation surrounding this matter since August of 1996.

Currently before the Court are the claims stemming from Relator's Fourth Amended Complaint

---

[1]For a more detailed procedural history of the present case see the Court's order dated January 4, 2005,
Doc. No. 623 at 2-5.

(Doc. No. 465).  Therein, Relator Wright (hereafter "Relator"), as relator for the United States

(the "Government"), seeks to recover damages on behalf of the Government from various

defendants (collectively "Defendants") for violations of the False Claims Act ("FCA"), 31 U.S.C.

§ 3729, et. seq.  Relator alleges that Defendants engaged in various transactions to conceal,

avoid, or decrease an obligation to pay the Government royalties arising out of various gas[2]

leases on federal and Indian lands.  Royalties for oil and gas production on federal lands are

based on federal regulations contained in 30 U.S.C. § 200 *et seq.*  The Minerals Management

Service ("MMS") is the division of the Department of the Interior charged with issuing and

administering leases relating to production of oil and gas on federal lands.  *See Amoco Prod. Co.*

*v. Watson*, 410 F.3d 722, 725 (D.C. Cir. 2005).  Relator's claims in this case are largely based on

those regulations and reports filed with the MMS.  At issue here are Defendants Shell Oil

Company, Shell Offshore, Inc., Shell Frontier Oil and Gas, Inc., Shell Deepwater Production,

Inc., Shell Western Exploration and Production Company, and SWEPI LP, d/b/a Shell Western

Exploration and Production (hereafter collectively referred to as "Shell" or "the Shell

Defendants") who jointly filed their motion for partial summary judgment.

In September 2000 Shell and the Department of Justice settled several claims in this case

relating to Shell's offshore gas production.  *See* Doc. No. 871 at 3.  That settlement agreement

related only to offshore production prior to January 1, 2000.  In September of 2001, Shell reached

an agreement with the MMS relating to valuing gas royalties from offshore production on or after

January 1, 2000.  Shell argues that this agreement with the MMS (hereafter "MMS Agreement")

negates certain claims of Relator, hence its Motion for Partial Summary Judgment on Offshore

---

[2]The terms "gas" and "natural gas" are used synonymously throughout this Order, except where otherwise noted, and refer collectively to "natural gas," "natural gas liquids," "gas condensate," and "unprocessed wetstream gas."

Production After 1999 Based on its MMS Agreement at issue here.  In its motion, Shell

specifically argues that the MMS Agreement supplants any valuation regulations with respect to

royalties from offshore production.  Shell urges the Court to grant its motion for summary

judgment because, as it argues, Shell's compliance with the MMS Agreement negates any claim

against it for knowingly filing a false claim.  In addition, Shell points out that Relator has not

alleged any violation of the MMS Agreement itself, and therefore, any claims that it did not

properly follow the MMS Agreement do not fall within Relator's Fourth Amended Complaint.

In his response to Shell's motion, Relator contests whether compliance with the MMS

agreement precludes its claim that Shell knowingly filed a false royalty report.  In addition,

Relator argues that the Fourth Amended Complaint can include a claim that Shell filed a false

report even if the MMS Agreement controls.  Finally, Relator's response includes a cross-motion

for continuance in order to conduct discovery under Rule 56(f) to determine the existence of a

genuine issue of material fact.  Specifically, Relator desires discovery related to Shell's

negotiation of the MMS Agreement, the drafting of the MMS agreement, the amount of royalties

actually paid under the MMS Agreement, and information as to whether Shell paid royalties in

compliance with the MMS Agreement.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party demonstrates that the

pleadings, affidavits and other evidence available to the Court establish that there are no genuine

issues of material fact, and the moving party is entitled to judgment as a matter of law.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (construing Fed. R. Civ. P. 56(c)).  The party

seeking summary judgment bears the responsibility of demonstrating the basis of it motion to this

Court and of identifying those portions of the pleadings, depositions, answers to interrogatories

and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied,* 506 U.S. 825 (1992).

The non-moving party is not required to respond to a motion for summary judgment until the moving party first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the party opposing summary judgment has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 324. It is not enough for the party opposing summary judgment to rest on mere conclusory allegations or denials in his pleadings. *Topalian,* 954 F.2d at 1131. The non-moving party must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of its case. *See Dunn v. State Farm & Casualty Co.,* 927 F.2d 869, 872 (5th Cir. 1991). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 322.

Notwithstanding, Rule 56(f) provides that if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." F. R. Civ. Pro. 56(f). Thus, while a parties "entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited . .

. [Rule 56(f)] is designed to safeguard against a premature or improvident grant of summary

judgment." *Washington v. Allstate Insurance Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Nonetheless, "vague assertions that discovery will produce needed, but unspecified, facts" are

insufficient to support a motion under Rule 56(f).  *See id.*

## IV.  DISCUSSION

At the December 13, 2006 hearing concerning this motion, the parties made clear that

Shell's motion only relates to the valuation claims against it that are now allegedly controlled by

the MMS Agreement.  There are several related legal issues including, but not limited to,

whether the MMS Agreement supplants the royalty valuation regulations and whether the MMS

Agreement is invalid if it does not afford the United States payments equal to or greater than the

amount the valuation guidelines would otherwise require.  The United States has filed a

statement of interest with respect to the former issue.  *See* Doc. No. 957.

Throughout his briefing, and at the December 13, 2006 hearing, Relator has emphasized

the need for additional discovery on these issues.  *See, e.g.*, Doc. No. 871 at 21.  Relator filed the

declaration of Edwin Lamberth outlining its need for "discovery related to Shell's knowledge,

intent, and methods and practice of royalty payments for Shell's offshore production."  *See* Doc.

No. 871 at attachment 1.  Specifically, Relator argues that additional discovery will allow him to

determine Shell's intent during the negotiations of the MMS Agreement, whether the amount of

royalties paid under the MMS Agreement were in proportion to the royalties which would have

otherwise been required by the regulations, whether Shell took improper deductions when paying

under the MMS Agreement, and whether Shell properly paid royalties under the MMS

5

Agreement.

Shell argues that the discovery requested is superfluous and irrelevant to the MMS Agreement and that claims relating to the MMS Agreement are not pled in Relator's Fourth Amended Complaint.  The Court rejects these arguments.  Under modern notice-pleading requirements, Relator's complaint is likely sufficient to support a claim that Shell knowingly filed false reports under the MMS Agreement.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In addition, discovery as to Shell's state of mind during the negotiations is relevant to Relator's claims under the Fourth Amended Complaint.  Given the lack of discovery in this case to date, the Court finds that deciding Shell's motion for partial summary judgment at the present time would be premature.  Relator has presented specific facts showing that postponing Shell's motion will allow him to rebut Shell's contention that no genuine issue of fact exists and that further discovery may produce facts sufficient to defeat Shell's motion.  As a result, it would be premature to rule without allowing more discovery.  *See Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992).

## CONCLUSION

In light of the foregoing discussion, it is hereby **ORDERED** that Shell's Motion for Partial Summary Judgment be **DENIED WITHOUT PREJUDICE** to refiling at a later date after sufficient discovery is made.  Relator's Cross-Motion for Continuance to Conduct Discovery under Rule 56(f) is **GRANTED**.  Relator's Motion to Strike Shell's Sur-Reply to Relator's cross-motion is **DISMISSED AS MOOT**.

**SIGNED this 27th day of December, 2006.**

6

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE