# EXHIBIT 2

## American Arbitration Association

## DALLAS, TEXAS

## CASE NO. 71 194 Y 00591 10

**Pat S. Holloway, P.C.**

**Claimant**

v.

**Elizabeth A. Wright and Bradley S. Wright, Co-Executors of the Estate of Harrold E. (Gene) Wright, deceased,**

**Respondents.**

## FINAL AWARD

THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the *Confidential Agreement Regarding Funds in the Registry of the Court* (the "Agreement") entered into between the parties as indicated by their signatures and dates on said Agreement, and having been duly appointed, and having duly heard the proofs and allegations of the parties, does hereby award as follows:

In accordance with the Agreement (which is attached as Exhibit A, without exhibits, to this Final Award), the Arbitrator makes this Final Award.

On February 22-25, 2011, the Claimant[1] and Respondents appeared in person and through their attorneys to present evidence. No stenographic record was made of the final hearing. Thereafter the hearing remained open for further written submissions and conference calls. The final hearing was closed on May 9, 2011, by letter confirming the closure from the American Arbitration Association ("AAA") to the attorneys for each party.

---

1      When "Claimant" is used in this Final Award, it includes Pat S. Holloway, P.C. and Pat S. Holloway as confirmed by Claimant's counsel by letter dated April 22, 2011.

Pursuant to the Agreement, which is found to be in full force and effect,

"[a]t a minimum, the Arbitrator's award shall specify

[a] the amount and identification of the funds then held on deposit in the Relator's Share Account, if any, and the Statutory Fees Account, if any, which are the subject of the arbitration case;

[b] the initial Allotment to each Party whose ownership interest in such funds was adjudicated in the arbitration case, before an award, if any, of Fees and Costs;

[c] the identification of each Winner, the amount of Fees and Costs awarded to each Winner, and the corresponding identification of each Loser or other Party under section 6.8 whose Allotment is reduced or eliminated by each such award of Fees and Costs, if any; and

[d] the final Allotment to each Party, after all awards of Fees and Costs, if any.[2]

I. Pursuant to section 6.9(a) of the Agreement:

There is $6,043,095.79 held in deposit in the Relator's Share Account which is the amount represented by Claimant and Respondents as the current balance of the Relator's Share Account and therefore is the full amount available for distribution to Claimant, Respondents, Don Kennard and Max Roesch. Claimant and Respondents agree that there are no funds in the Statutory Fee Account to be divided in this arbitration.

An entity created by Claimant currently owes $500,000.00 in principal under a promissory note to an entity created by Harrold E. (Gene) Wright, deceased. Unpaid principal and interest was represented by Claimant and Respondents during the arbitration to be $558,972.56. Claimant agreed the amount owing for principal and interest should be deducted from Claimant's initial allotment. Consequently, Claimant's initial Allotment in paragraph II(C) of this Final Award is reduced by $558,972.56 in payment of this promissory note and that $558,972.56 is added to Respondents' initial Allotment in paragraph II(C) of this Final Award.

II. Pursuant to section 6.9(b) of the Agreement:

(A) the initial Allotment to Don Kennard is $157,055.49.

(B) the initial Allotment to Max Roesch is $78,527.75.

---

[2] Section 6.9 of the Agreement.

(C) the initial Allotment to Claimant is $1,179,626.10.

(D) the initial Allotment to Respondents is $4,627,886.45.

III. Pursuant to section 6.9(c) of the Agreement:

(A) Respondents are the Winner and awarded Fees and Costs of $510,000.00; and

(B) Claimant is the Loser and whose Initial Allotment in paragraph IV(C) of the Final Award is reduced by $510,000.00 for Fees and Costs awarded to Respondents.

IV. Pursuant to section 6.9(d) of the Agreement:

(A) the final Allotment to Don Kennard[3] is $157,055.49.

(B) the final Allotment to Max Roesch is $78,527.75.

(C) the final Allotment to Claimant[4] is $669,626.10.

(D) the final Allotment to Respondents is $5,137,886.45.

V. As between the following parties, future distributions from the Relator's Share Account, as defined in the Agreement, shall be paid:

1) 1.00% interest to Don Kennard;
2) .50% interest to Max Roesch;
3) 13.75% interest to Claimant; and
4) 32.54% interest to Respondents.

VI. The Arbitrator agrees with Claimant's position that the scope of the arbitration clause in the Agreement does not include the injunctive relief requested by Respondents in their last proposed form of an Award. Thus, no decision is made in this proceeding on Respondents' requested injunctive relief.

VII. Pursuant to the Agreement's Section 6.11, the Claimant and Respondents intend for the result of the arbitration to be final and binding. Accordingly, each party has waived the right to any judicial review or appeal of the award. Any judicial action shall be limited to the enforcement of the final award in the arbitration.

---

[3] Claimant asks that Kennard's Allotment be made payable to Mary Jo Kennard as Independent Executrix of the Estate of Don C. Kennard. Attorneys for Claimant and Respondents shall confer and try to agree on the correct name to use as payee for the Don Kennard Allotment. Absent an agreement, it shall be made payable to Don Kennard.

[4] Claimant asks that its final Allotment be made payable to Claimant's law firm of Wood, Thacker & Weathery, P.C. Attorneys for Claimant and Respondents shall confer and try to agree on the correct name to use as payee for the Claimant's Allotment. Absent an agreement, it shall be made payable to Pat S. Holloway, P.C., Pat S. Holloway, and Wood, Thacker & Weathery, P.C.

VIII. The administrative filing and case services fees of the AAA, totaling $20,150.00, shall be borne as the follows: 70.00% by Pat S. Holloway, P.C., 30.00% by Elizabeth A. Wright and Bradley S. Wright.

The other administrative fees of the AAA, totaling $600.00, shall be borne as follows: 70.00% by Pat S. Holloway, P.C., 30.00% by Elizabeth A. Wright and Bradley S. Wright.

The fees and expenses of the arbitrator, totaling $35,100.00, shall be borne as follows: 70.00% by Pat S. Holloway, P.C., 30.00% by Elizabeth A. Wright and Bradley S. Wright.

The other common expenses relating to this proceeding, totaling $1,107.79, shall be borne as follows: 70.00% by Pat S. Holloway, P.C., 30.00% by Elizabeth A. Wright and Bradley S. Wright.

Therefore, Pat S. Holloway, P.C. shall reimburse Elizabeth A. Wright and Bradley S. Wright, the sum of $12,766.56, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Elizabeth A. Wright and Bradley S. Wright.

IX. Any further claims requested by Claimant and Respondents not expressly addressed or granted herein are denied.

SIGNED on _June 8_, 2011.

_Roland K. Johnson_
Roland K. Johnson, Arbitrator